UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SONNY DESPOSITO,**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**FEDERAL BUREAU OF PRISONS,** *et al.*,<br><br>        **Defendants.** | Case No. 24–cv–09263–ESK–MJS<br><br>**OPINION AND ORDER** |

    **THIS MATTER** is before the Court on *pro se* plaintiff Sonny Desposito's civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Complaint). (ECF No. 1.) He has also filed a motion for a temporary restraining order (Motion). (ECF No. 2.) Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will allow the Complaint to proceed in part. I will deny the Motion.

## BACKGROUND & PROCEDURAL HISTORY

    1.    Plaintiff is a convicted and sentenced federal prisoner detained at FCI Fort Dix, New Jersey (Fort Dix). On or about October 25, 2018, plaintiff broke his arm after he fell from the top bunk in his cell. (ECF No. 1 p. 3.)

    2.    He filed an administrative complaint with the Federal Bureau of Prisons (Bureau) on or about September 9, 2020, alleging that it was negligent for failing to provide a ladder for the bunkbed. *Desposito v. United States*, No. 1:21–cv–10446, 2021 WL 4452760, at *1 (D.N.J. Sept. 29, 2021) (*Desposito I*). The Bureau rejected the claim on January 11, 2021. *Id.*

    3.    On April 29, 2021, plaintiff filed a complaint in this District against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (Act). *Id.* District Judge Joseph H. Rodriguez dismissed the complaint as barred by the Act's discretionary function exception on September 29, 2021. *Id.* at *4.

4. On September 17, 2024, plaintiff filed this *Bivens* Complaint alleging deliberate indifference to his medical needs after his 2018 fall. (ECF No. 1 pp. 1, 2, 3.) He argues that he should not be prevented from pursuing these claims because the Bureau has changed policy to require ladders for bunkbeds and he only recently completed the administrative remedy process. (*Id.* p. 9.) The Motion seeks a temporary restraining order directing defendants to refrain from "retaliation in the form of torture in the place of medical treatment, placing 'medical holds' to prevent [plaintiff's] timely release from custody." (ECF No. 2.) I granted plaintiff's *in forma pauperis* application on September 20, 2024. (ECF No. 4.)

## DISCUSSION

5. The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

6. To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

7. "The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

8. "Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cty.*, 40 F.3d 645, 647 (3d Cir. 1994).

9. To obtain preliminary injunctive relief, the moving party must demonstrate: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if the requested relief is not granted; (3) the granting of preliminary injunction will not result in greater harm to the non-moving party; and (4) the public interest weighs in favor of granting the injunction. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017).

10. The Third Circuit has clarified the standard for granting a preliminary injunction, explaining that "a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Id.* at 179. "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* A request for injunctive relief in the prison context must be "viewed with considerable caution." *Rush v. Corr. Med. Servs., Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (per curiam).

11. The *Bivens* remedy does not extend to federal agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994). Therefore, the Bureau must be dismissed from this action with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

12. Plaintiff has not stated a claim for relief against Collett Peters, the Bureau Director. "[] Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "To state a plausible *Bivens* claim 'a plaintiff must plead that each [g]overnment-official defendant, through the official's own individual actions, has violated the Constitution.'" *Kalu v. Spaulding*, 113 F.4th 311, 341 (3d Cir. 2024) (alteration in original) (quoting *Iqbal*, 556 U.S. at 676). Plaintiff has not alleged any facts that plausibly allege that Peters was deliberately indifferent to his medical needs.[1]

13. Plaintiff has neither pleaded facts that plausibly allege that Peters established and maintained a policy, practice or custom which directly caused his injuries, nor that she participated in violating plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in her subordinates' violations. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Plaintiff's cursory

---

[1] An Eighth Amendment claim for denial of medical care requires a subjective showing that defendants were deliberately indifferent to plaintiff's medical needs as well as an objective showing that plaintiff's needs were serious. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).

allegation that Peters was "complicit and in full agreement" is a legal conclusion that I do not need to accept as true. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789-90 (3d Cir. 2016) (noting that allegations "embod[ying] a legal point" are not entitled to the presumption of truth). I will dismiss the claims against Peters without prejudice.

14. Plaintiff also has not pleaded a claim against Bureau Regional Counsel Johnson, Bureau National Counsel Rosalind Ellington, or Fort Dix Warden R. Thompson. Plaintiff alleges these defendants denied or did not respond to administrative remedies. (ECF No. 1 pp. 7, 8.) "[P]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005). Plaintiff does not have a claim against Johnson or Ellington for denying his administrative remedies. I will dismiss these defendants with prejudice.

15. Moreover, "[i]f a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* Plaintiff has not provided enough information about what he told Thompson for me to reasonably infer that she knew or should have known that Fort Dix medical personnel were mistreating plaintiff. I will dismiss the claims against Thompson without prejudice.

16. After accepting the factual allegations in the Complaint as true and giving plaintiff the benefit of all reasonable inferences, I find that he has sufficiently alleged a deliberate indifference claim against Administrator Wilks, Orthopedist Bill, and Nurse Bonislawski.[2] I will permit the Complaint to proceed against these defendants.

17. Federal Rule of Civil Procedure 65(b)(1) "limits the Court's ability to issue a [temporary restraining order] to instances when (i) the 'specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the' party seeking the [temporary

---

[2] My preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19–08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

restraining order] and (ii) the party seeking the [temporary restraining order] 'certifies in writing any efforts made to give notice and the reasons why it should not be required.'" *Kenny v. Toms River Twp. Bd. of Adjustment*, No. 18–cv–11461, 2018 WL 4442231, at *1 (D.N.J. Sept. 17, 2018) (quoting Fed. R. Civ. P. 65(b)(1)).

18. The Motion seeks a temporary restraining order directing defendants to refrain from "retaliation in the form of torture in the place of medical treatment, placing 'medical holds' to prevent [plaintiff's] timely release from custody." (ECF No. 2.) I find that plaintiff fails to make the specific factual showing required to establish immediate and irreparable injury, loss, or damage.

19. His claim that defendants put "medical holds" on inmates in order to prevent their release from custody is not supported by any evidence. Nor is plaintiff in immediate danger because his release date is not until November 17, 2024. Bureau Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Sept. 26, 2024). Should plaintiff's situation change closer to his release date, he may reapply for relief.

20. I will deny the Motion because plaintiff has not satisfied the gateway factor of showing that he will be irreparably harmed if the requested relief is not granted.

Accordingly,

**IT IS** on this **1st** day of **October 2024 ORDERED** that:

1. The Bureau, Regional Counsel Johnson, and Rosalind Ellington are dismissed from this action with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Collett Peters and Warden R. Thompson are dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The deliberate indifference claim against Administrator Wilks, Orthopedist Bill, and Nurse Bonislawski may proceed.

4. The Motion at ECF No. 2 is denied without prejudice.

5. The Clerk shall provide Plaintiff with a copy of the USM-285 form for all named defendants, as well as one for the Attorney General of the United States and one for the United States Attorney for the District of New Jersey. Fed. R. Civ. P. 4(i).

6. Plaintiff shall complete the forms and return them to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101.

7. Upon plaintiff's sending of the completed forms to the Clerk, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this opinion and order upon defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States.[3]

8. Defendants shall file and serve responsive pleadings within the time specified by Federal Rule of Civil Procedure 12.

9. Pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of *pro bono* counsel.

10. If plaintiff seeks the appointment of *pro bono* counsel or other relief at any time before defendants file a notice of appearance, plaintiff shall (1) serve a copy of the application by regular mail upon each party at his or her last known address and (2) file a Certificate of Service.[4]   Fed. R. Civ. P. 5(a), (d).

11. The Clerk shall send a copy of this opinion and order to plaintiff by regular mail.

   */s/ Edward S. Kiel*
   **EDWARD S. KIEL**
   **UNITED STATES DISTRICT JUDGE**

---

[3] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that they waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[4] After an attorney files a notice of appearance on behalf of defendants, the attorney will automatically be electronically served all documents that are filed in the case.